IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,814-02






EX PARTE RUSSELL VERNON FREEMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR00651 IN THE 102ND DISTRICT COURT


FROM RED RIVER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of deadly conduct
and sentenced to ten years' imprisonment. 

 Applicant contends that his trial counsel rendered ineffective assistance because he did not
discover that applicant used an inoperative BB gun rather than a firearm or something otherwise
capable of causing serious bodily injury. Applicant further argues that this satisfies Article 11.07's
bar on subsequent writ applications because, but for counsel's errors, no rational juror could have
found him guilty beyond a reasonable doubt. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Schlup v. Delo, 513 U.S. 298 (1995). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to
respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely
on its personal recollection. Id.

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent.
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether Applicant's
trial counsel was ineffective. If the trial court finds counsel was ineffective, it shall make findings
as to whether but for counsel's ineffectiveness, no rational juror could have found Applicant guilty
beyond a reasonable doubt. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: April 17, 2013

Do not publish